WAYNE F. MCGOWN, Deputy Secretary, Department of Administration *Page 184 
You have asked for my opinion on the following two inquiries related to the operation of a state-owned parking facility for the Milwaukee District Office Building:
"1. Are there any legal impediments preventing the leasing of the facility to other users during non-office hours."
"2. Is there any impediment to the leasing of the facility on a total time basis with the franchise holder to maintain and operate the facility for the benefit of the state providing office-hour parking for state employes at a rate to be determined by the state?"
There is a valid public purpose served in providing parking spaces for state employes. To answer your first question, I am not aware of any problem created by the state obtaining additional revenues by offering the spaces to the general public during non-working hours once the primary purpose for the spaces has been satisfied.
Your second question requires a consideration of the extent to which the state may enter into private contracts for personal services.
In State Compensation Insurance Fund v. Riley (1937), 69 P.2d 985, the Supreme Court of California said at page 989:
"* * * There undoubtedly is a field in which state agencies may enter into contracts with independent contractors. But the true test is * * * whether the services contracted for, whether temporary or permanent, are of such a nature that they could be performed by one selected under the provisions of civil service."
In a later case, the Supreme Court of California held in Burumv. State Compensation Insurance Fund (1947), 184 P.2d 505, that a state governmental agency could contract for services when they were of such a nature that they could not be performed satisfactorily by one selected under the civil service system.
Both California and Wisconsin have shared strong civil service laws over the years. The intent of Wisconsin's civil service law is set forth in part in secs. 16.01 (1) and (2), Stats., which provide:
"16.01 Statement of policy. (1) It is the purpose of this subchapter to provide state agencies and institutions of higher *Page 185 
education with competent personnel which will furnish state services to its citizens as fairly, efficiently and effectively as possible.
"(2) It is the policy of the state to maintain a strong coordinated personnel management program and to assure that positions in the classified service are filled through methods which apply the merit principle, with adequate civil service safeguards. To these ends the bureau of personnel with advice and quasi-judicial assistance by the personnel board shall develop, improve and protect a state-wide personnel management program which assures that the state hires the best qualified persons available and bases the treatment of its employes upon the relative value of each employe's services and his demonstrated competence and fitness."
However, sec. 16.06, Stats., provides that:
"16.06 Contractual services. The department or its agents may contract for personal services which can be performed more economically or efficiently by such contract."
This latter statute somewhat modifies the holdings of the California cases cited, but nevertheless still requires a condition precedent to the hiring of an independent contractor.
It would thus appear that a condition precedent to the leasing of the parking facility to an independent contractor would be an administrative finding by the Director of the State Bureau of Personnel that an independent contractor can perform the service of maintaining and operating the parking facility more economically or more efficiently than the civil service system. The reasons in support of such a finding should also be set forth. If such a finding cannot be made, the facility should be maintained and operated by persons employed under the civil service system.
There is something bothersome about a situation which allows an independent contractor to make an additional profit or to be in a more advantageous competitive position because his operating location is not subject to property taxation. An exemption is provided under sec. 70.11 (1), Stats., for property owned by the state. However, I am not aware of any constitutional impediment which would prevent such a result. This concern is somewhat alleviated by the assumption that competitive bidding for the *Page 186 
franchise will cause the benefit of the tax exemption to inure to the state rather than to the advantage of the successful bidder.
RWW:APH